Stefanos Georgousopoulos (SBN 314856)
SYG LAW FIRM, INC.
27450 Ynez Road, Suite 210
Temecula, CA 92591
Telephone (951) 595-7127
sg@syglaw.com

Counsel for Plaintiffs
Albab Gurmu

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Albab GURMU, individual,<br>        Plaintiff,<br><br>  vs.<br><br>1) UR M. JADDOU, Director,<br>    U.S. Citizenship and Immigration Services,<br><br>2) ALEJANDRO MAYORKAS, Secretary,<br>    U.S. Department of Homeland Security,<br><br>3) MERRICK GARLAND, Attorney General,<br>    U.S. Department of Justice,<br><br>4) DOES 1 through 5, inclusive,<br><br>        Defendants-Respondents. | Case No.: 5:23-cv-111<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT** |

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA:**

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

1

## I. INTRODUCTION

1. Plaintiff, Albab GURMU, entered the United States May 16, 2016 on a student visa through the Los Angeles International Airport.

2. On April 10, 2017, Plaintiff submitted USCIS Form I-589, Application for Asylum.

3. On April 24, 2017, Plaintiff appeared for her scheduled biometrics appointment in El Monte, California.

4. Since the date of her biometrics appointment on April 24, 2017, Plaintiff has not received an invitation for her to attend an interview and eagerly awaits adjudication from USCIS for her pending application. Plaintiff's application has now been pending without action for nearly six years.

5. Plaintiff now seeks judicial intervention by way of a writ of mandamus, whereby USCIS must adjudicate her pending petition within 14 days.

## II. JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

## III. VENUE

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(e). Plaintiff sues the Defendants in their official capacity as officers and employees of the United States. Plaintiff resides in Riverside County, California, and a substantial portion of the acts on which this complaint is based took place in Riverside County, California. Thus, venue is proper.

## IV. PARTIES

8. The Plaintiff, Albab Gurmu, is domiciled in the United States as an applicant for asylum. She resides in Winchester, Riverside County, California.

9. The Defendant, Ur M. Jaddou, is Director of U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the component of the Department of Homeland Security ("DHS") responsible for the administration of agency policies and the processing and adjudication of Petitions to Remove Conditions, USCIS Form I-751. Director Jaddou is sued in her official capacity.

10. The Defendant, ALEJANDRO MAYORKAS, is Secretary of U.S. Department of Homeland Security. DHS has authority over the administration and enforcement of immigration laws, policies, and procedures under U.S. law. Secretary Mayorkas is sued in his official capacity.

11. The Defendant, MERRICK GARLAND, is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, he is charged with determining all issues of law pertaining to the immigration and naturalization of aliens under U.S. law. Attorney General Garland is sued in his official capacity.

## V. LEGAL FRAMEWORK

12. Pursuant to the Administrative Procedure Act, a federal government agency may not unlawfully withhold or unreasonably delay the adjudication of an application for which that agency is charged in adjudicating.

## FACTUAL BACKGROUND

13. Plaintiff is a native of Ethiopia and entered the United States on an F-1 student visa on May 16, 2016, at the Los Angeles International Airport.

14. On April 10, 2017, within one year of arriving, Plaintiff properly filed USCIS Form I-589, Application for Asylum. USCIS assigned case number ZLA1700081770.

15. On April 24, 2017, Plaintiff appeared for her scheduled biometrics appointment.

16. On January 24, 2022, after years of waiting, Plaintiff contacted her local U.S. representative for assistance. The office of Ken Calvert, U.S. Representative for the 42nd District, contacted USCIS on Plaintiff's behalf.

17. On February 23, 2022, USCIS responded and indicated that Plaintiff's case was still the victim of backlog, and no further action would be approved to expedite the case.

18. On January 17, 2023, Plaintiff submitted an updated Form G-28, Notice of Entry of Appearance to alert USCIS that she had retained new counsel with SYG Law Firm, Inc. Additionally, Plaintiff submitted Form AR11, Change of Address to alert USCIS to her correct address.

19. Plaintiff now seeks resolution of her long pending application.

20. Plaintiff now submits this Complaint, alleging violations of the Administrative Procedure Act in the adjudication of her first petition and seeking a writ of mandamus to expedite the pending Second Petition.

## VI.   CAUSES OF ACTION

### COUNT ONE – ADMINISTRATIVE PROCEDURE ACT

21. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

22. Pursuant to 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

23. Defendants have unlawfully withheld or unreasonably delayed Plaintiff's right to reasonable adjudication of her pending asylum application.

24. Plaintiff submitted all necessary forms and meets the prima facie requirements for asylum.

25. The totality of Defendants' actions have caused Plaintiff unnecessary distress and costs. Plaintiff has also accrued unnecessary attorney fees.

## COUNT TWO - MANDAMUS

26. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

27. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361.

28. Defendant has a nondiscretionary duty to adjudicate the applications for asylum within a reasonable period.

29. Plaintiff has exhausted all other administrative remedies. The office of Ken Calvert, U.S. Representative for the 42nd District received confirmation from USCIS that no other action would be taken to expedite Plaintiff's case. Therefore, additional attempts at remedying the issue administratively should be considered futile.

30. Plaintiff requests that this honorable Court direct USCIS to adjudicate Plaintiff's asylum application within fourteen days.

31. Defendant's actions have cause Plaintiff distress and excessive attorney fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

32. Accept jurisdiction over this matter;
33. Order Defendant to adjudicate the application for asylum within fourteen days;
34. Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412;
35. Grant such other and further relief as this Court deems just and proper.

---

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

Respectfully submitted this  23   day of January, 2023

Albab Gurmu

*By counsel,*

/s/ Stefanos Georgousopoulos
_____

Stefanos Georgousopoulos, Esq.
California Bar Number: 314856
SYG LAW FIRM, INC.
27450 Ynez Road, Suite 210
Temecula, CA 92591
Telephone: (951) 595-7127
Email: sg@syglaw.com

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**